(158 App. Div. 322.)

FISLER v. VAN DEUSEN.

(Supreme Court, Appellate Division, Third Department.  September 10, 1913.)

BOUNDARIES (§ 48*)—ESTABLISHMENT—ESTOPPEL.

> Where plaintiff, more than 25 years previously, built a fence under an agreement with the adjoining landowner, and no claim was ever made that the fence was not on the line until suit was brought, four years after the adjoining land had been platted and was being sold in lots, plaintiff is estopped, as against a purchaser of one of the lots without notice, from setting up that the fence is not on the line.

> [Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 232–242; Dec. Dig. § 48.*]

Appeal from Judgment on Report of Referee.

Action by John Fisler against Anna C. Van Deusen.  From a judgment for defendant, dismissing the complaint upon the merits, plaintiff appeals.  Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Horatio G. Glen, of Schenectady, for appellant.

Milton E. De Voe, of Schenectady (R. J. Cooper, of Schenectady, of counsel), for respondent.

WOODWARD, J.  The plaintiff brings this action in ejectment to recover a piece of land in the city of Schenectady on the southerly side of Haigh avenue.  It appears that previous to the year 1868 one Isaac N. Lindley was the owner of a tract of land in the town of Niskayuna, now a part of the city of Schenectady; that in the year mentioned Lindley sold two parcels out of this tract to one Livingston Ellwood, running back from the old Albany turnpike (now known as State street) easterly 1,188 feet; that Ellwood fenced in this land; that subsequently and on the 5th day of July, 1869, Ellwood sold it to James E. Haigh; and that on the same day Lindley sold to Haigh a piece of land adjoining the Ellwood piece on the north and bounded southerly by the Ellwood tract, westerly by State street, northerly by the Becker property, and easterly by property still owned by Lindley, but which was conveyed to the plaintiff in this action in January, 1879, and has since been occupied by him.  The result of these various transactions was that in 1879 John Fisler and James E. Haigh were the owners of adjoining tracts of land, occupied for farming purposes; the boundary line between them being fixed by deeds, but not marked by fences or other permanent monuments.  A portion of the line between these two men ran through a pine woodland, filled with underbrush, and in the year 1882 or 1883 these neighbors got together, the immediate occasion being certain trespasses by the cattle of Haigh, and it was agreed between them that Fisler should construct a fence, using the growing trees for posts to carry the wires, for the purpose of preventing the trespasses.  There appears to have been some talk to the effect that Fisler did not know where the line was, and that there might be a subsequent adjustment of it; but it appears without dispute that the fence constructed by Fisler at that time continued to exist down to

1904, when Haigh sold to one Alexander Fenwick a strip of land 264 feet wide off from the northerly part of his land, next to the Becker property, and involving the line between the Fisler and Haigh properties, and it is claimed that Fenwick knew that his line did not extend to the wire fence upon the trees between the Haigh and Fisler properties, though Fenwick testified in the action that Haigh told him he was selling him the land up to the wires.

This state of affairs appears to have continued, with no dispute between Fenwick and Fisler as to the boundary between them, up to September, 1908, when Fenwick, who had plotted his purchase in the meantime, conveyed a part of lot No. 70 on his allotment map to Anna C. Van Deusen, the defendant in this action, and which included within its bounds the parcel of land which the plaintiff claims belonged to him under his original deed from Henry Gerling, and which title came through Lindley, the original owner of the entire plot, but which was cut off by the wire fence constructed by the consent of Fisler and Haigh in 1882 or 1883. Fenwick filed a map of his allotment in March, 1904, which allotment shows his lot No. 70, a portion of which, 35 feet front and rear and 103 feet deep, was sold to the defendant in September, 1908, or more than four years later, with no claim on the part of the plaintiff, so far as appears, to extend his possession west of the wire fence, and this action was not commenced until December, 1910. It is probably true that the filing of the Fenwick map was not notice to the plaintiff of claim of title on the part of Fenwick; but it can hardly be doubted that the plaintiff, residing upon the adjoining farm, knew of the laying out of a plot with streets, and to remain silent and permit innocent purchasers to take these lands during a period of four years is hardly calculated to induce courts of justice to seek far for a method of restoring him to his property, assuming that he originally owned the same.

The learned referee before whom the case was tried has found that the plaintiff and Haigh, more than 20 years before the conveyance to Fenwick, entered into an agreement for the construction of a fence between them, and that this constituted a practical location of the line, and this view appears to be sustained by the authorities. Beyond this, however, the plaintiff, knowing, as he must have known, of the transfer of this property to Fenwick, with the visible line of demarcation fixed by the still existing fence in 1904, without making any effort to assert his rights, is hardly in a position to put forward this claim as against those who have acted in good faith in the purchase of this property. The plaintiff by permitting the fence to remain is, as to third parties having no notice of any verbal agreement between the plaintiff and Haigh, fairly estopped to say that the line is different from what it appeared to be to one going upon the premises. There was a fence all the way between the Fisler and Haigh properties; a portion of this fence, it seems to be admitted, was upon the correct line, and the balance was a continuation of that correct portion. An inquiry on the part of Fenwick, at the time of his purchase in 1904, would have established that this fence had been in its present location for more than 20 years, and his vendor testifies that he represented

that he was selling up to this fence. The plaintiff himself constructed this fence. By his own action he has held it out as the practical boundary between these properties, and he is attempting to assert as against the defendant, who takes title from Fenwick, a right to the possession of property which he visibly surrendered to the use and occupation of Haigh way back in 1882 or 1883, and which he has never made any claim to up to the time of the bringing of this action so far as appears from the record. It seems clear that upon well-understood principles the plaintiff is estopped to assert title as against the defendant in this action, and we are of opinion that the judgment appealed from should be affirmed. See Pierson v. Mosher, 30 Barb. 81.

The judgment appealed from should be affirmed, with costs. All concur.